UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA STONE,<br><br>    Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant. | Case No. 13CV2252-WQH(JMA)<br><br>**ORDER RE: JOINT MOTION FOR COURT ORDER REQUIRING RADY CHILDREN'S HOSPITAL - SAN DIEGO TO PRODUCE DECEDENT BRITTANY FERNANDEZ'S MEDICAL RECORDS [DOC. NO. 33] AND DESIGNATING ALL RECORDS PRODUCED BY RADY AS CONFIDENTIAL AND SUBJECT TO THE PROTECTIVE ORDER** |

On November 3, 2014, Plaintiff Lisa Stone ("Stone") and Defendant Abbott Laboratories ("Abbott") filed a Joint Motion for Court Order Requiring Rady Children's Hospital - San Diego ("Rady") to Produce Decedent Brittany Fernandez's ("Fernandez") Medical Records. Doc. No. 33. After an unsuccessful attempt by the parties to informally obtain the medical records from Rady, on October 27, 2014, Abbott issued a subpoena to Rady formally requesting production of Fernandez's complete medical records. *Id.*, Ex. C. The deadline for Rady to produce responsive documents or otherwise respond to the subpoena is November 17, 2014. *Id.*

The parties report "[g]iven Rady's reliance on HIPPA (*sic*) [the Health Insurance Portability and Accountability Act is hereafter referred to as "HIPAA"], it is doubtful that Rady will respond to the subpoena as HIPAA only permits disclosures in response to a subpoena if the hospital notifies the person who is the subject of the information (i.e., decedent Brittany Fernandez) about the request, so that person has a chance to object to the disclosure, or seek a qualified protective order for the information from the court. See 45 C.F.R. § 164.512(e)(1)(ii)." This is a misstatement of HIPAA, which in pertinent part states:

> (e) Standard: Disclosures for judicial and administrative proceedings.
>
> (1) **Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:**
>
> (I) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or
>
> (ii) **In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:**
>
> (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; **or**
>
> (B) **The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.**
>
> ...
>
> (iv) For the purposes of paragraph (e)(1)(ii)(B) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information, if the covered entity receives from such party a written statement and accompanying docu

2

    (A)    The parties to the dispute giving rise to the request for information have agreed to a qualified protective order and have presented it to the court or administrative tribunal with jurisdiction over the dispute; or

    (B)    The party seeking the protected health information has requested a qualified protective order from such court or administrative tribunal.

45 CFR § 164.512. *(emphasis added)*

At the parties' request, a protective order ("Protective Order") was entered by the Court on January 27, 2014. Doc. No. 17. Pursuant to the Protective Order, documents produced during discovery and designated as "Confidential Information" are to be handled in a manner that is consistent with the protections called for by 45 CFR § 164.512 (e)(1)(v), which states:

    (v)    For purposes of paragraph (e)(1) of this section, a qualified protective order means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:

    (A)    Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

    (B)    Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

*Id.; See also* Protective Order, Ex. A, §§ 3, 4, 7 & 20.

Accordingly, all information, including any documents and electronically stored information ("ESI"), produced by Rady in response to the subpoena issued by Abbott on October 27, 2014, shall be designated as "Confidential Information" and shall be subject to the Protective Order previously entered in this case. The Court further orders Abbott to serve Rady with a copy of this Order, the Protective Order, and a written statement, as contemplated in 45 CFR § 164.512 (e)(1)(iv), so that Rady

1 | may produce Fernandez's medical records in compliance with its
2 | obligations under HIPAA.
3 | **IT IS SO ORDERED**.
4 | DATED:  November 5, 2014

_____
Jan M. Adler
U.S. Magistrate Judge